No. 11,888

Orleans  •

—

PURSER v. HOLLANDER

—

(January 13, 1930.  Opinion and Decree.)
(January 27, 1930.  Rehearing Refused.)

—

A. Morgan Brian, of New Orleans, attorney for plaintiff, appellee.

Arthur B. Leopold, of New Orleans, attorney for defendant, appellant.

JANVIER, J.  Plaintiff sustained burns to his knees and, alleging that these burns were caused by chemicals used in the spraying of the beds of defendant's hotel, seeks to recover therefor.  After registering and being assigned to a room plaintiff retired at about 9:30 p. m.  He alleges that at about 11 p. m., having dropped off to sleep he was suddenly awakened by a realization of the fact that one of his knees was burnt "almost to a crisp" and that the other also had sustained burns a little less serious.  He proceeded to the Charity Hospital where his injuries were treated.

Defendant contends that the burns, such as they were, were not sustained by chemicals used in treating the beds but, in all probability, were the result of some accident or unforeseen event of which plaintiff had no knowledge and, in fact, not even within his premises.

There are many circumstances connected with plaintiff's side of the case which tend to throw suspicion upon his statements. His patent exaggeration of his injuries shows a disposition which does not elicit the sympathy of the court. Nevertheless the whole record convinces us that the plaintiff did suffer some kind of burns to his knees and his own positive evidence that they were sustained while he was asleep in defendant's hotel overcomes the theoretical defense of defendant, Hollander. That chemicals were used in the treatment of the beds is not denied but it is contended that the solution of camphor balls and gasoline could not cause the injuries complained of. It appears, however, that the spraying of the beds, though done only once a week, had taken place during the day on the night of which plaintiff received the burns.

Viewing the record as a whole we have come to the conclusion that we would not be justified in reversing the findings of the trial court.

As to the quantum, it is manifest that plaintiff greatly exaggerated the injuries he sustained which, in fact, were of a very simple nature. It appears to us that the amount allowed, to-wit: $50, is ample compensation.

The judgment appealed from is therefore affirmed.